This was debt upon a bond to deliver a negro to the plaintiff, on or before the first of April, 1788. The action was commenced the 19th of August, 1809. Performance of the condition was pleaded; and issue was joined upon it. On the trial of the issue, Brown was offered as a witness, who objected to himself, and, being examined on his oath respecting his interest in the event of the cause, said the obligee put this bond into his hands to sue upon, and agreed to give him a part for recovering on it. The Court *Page 30 
ordered him to be sworn in chief, and upon that oath he said that the obligee, when he put this bond into his hands, informed him that a negro had been paid in part, and that £25 remained still due. The Court decided that he was not a good witness as to the latter part of the plaintiff's conversation with respect to the £25 still due. Exception was taken to the opinion of the judge. Error was assigned, and it has been argued in this court. And our opinion is as follows: Supposing Brown to have been legally sworn, then every part of what the plaintiff said relative to the fact of performance ought to have been received, as all of it together would only show his meaning as to that fact. But if the witness had been sworn to another distinct fact which made in favor of the plaintiff, the existence of which it was for Brown's interest in that cause that the jury should believe, then the Court might say, as to that distinct fact, that he, Brown, was not a competent witness. But still, before we can determine that the Circuit Court erred, it must be considered whether the whole of Brown's testimony ought not to be laid aside; for, if so, then every part, including that concerning which the exception is filed, ought to have been withdrawn from the jury; and we think the whole should be withdrawn, for he ought not to have been compelled to depose, he being interested, and having not acquired an interest after he knew of a fact which he could be required by the defendant to disclose. The knowledge of the fact came to him concurrently with his interest, and in the same instant when his interest commenced. Presumption, after the lapse of so many years, may be applied as well to a bond with condition to deliver a negro as to one with a condition for payment of money. The finding of the jury is warranted by the presumption without Brown's testimony; and, if they relied upon the fact confessed being the same fact which the presumption established, they have given a proper verdict. Still, however, it may *Page 31 
be that, if the presumption alone were before them, the jury might not think that, considering the circumstances, it would justify a verdict for the defendant. There may be, for aught we know, some such circumstances, which, by making a final decision now, might be excluded from having the effect they ought to produce. Therefore, reverse the judgment of the Circuit Court, and remand the cause to be tried de novo; with directions to reject Brown's testimony and to rest upon the presumption if not removed by circumstances proper for the purpose.